# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSE
# AT KNOXVILLE

| | |
|---|---|
| **In re**<br><br>**IVEY, KATHY LENORA**<br>**KATHY IVEY-ANNIS,**<br><br>                    **Debtor(s).** | **Chapter 7**<br>**Case No. 3:19-33166-SHB** |
| **ANN MOSTOLLER, TRUSTEE,**<br><br>                    **Plaintiff,**<br><br>        v.<br><br>**MR. COOPER, a/k/a NATIONSTAR MORTGAGE LLC, SOVEREIGN LENDING GROUP, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**<br><br>                    **Defendants.** | Adv. Pro. No. 3:19-03051-SHB |

## SOVEREING LENDING GROUP'S ANSWER TO AMENDED COMPLAINT

Defendant Sovereign Lending Group, Inc. ("Sovereign") by and through the undersigned counsel, hereby answers the Amended Complaint ("AC") of Plaintiff Ann Mostoller, Trustee ("Plaintiff"), dated and filed January 23, 2020 [Docket No. 6]. Sovereign responds to the individual numbered paragraphs in the Amended Complaint as follows:

1. Sovereign admits the allegations in Paragraph 1 of the AC.

2. Sovereign admits the allegations in Paragraph 2 of the AC.

3. Paragraph 3 contains legal conclusions for which no responsive pleading is required. To the extent a response is required, Sovereign denies the allegations contained in paragraph 3 of the AC.

{02019007.1 }                                                            - 2 -

4. Paragraph 4 of the AC contains legal conclusions for which no responsive pleading is required.

5. Sovereign denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the AC.

6. Sovereign admits the allegations in paragraph 6.

7. Paragraph 7 contains legal conclusions for which no responsive pleading is required. To the extent a response is required, Sovereign admits that Kathy Lenora Ivey, signed a note, dated August 14, 209 in the amount of $280,000 and that a Deed of Trust was recorded in the Knox County Register of Deeds on September 19, 2019. Sovereign states that the note was funded on or about August 18, 2019.

a. Sovereign denies the allegations in Paragraph 7(a) of the AC.

b. Sovereign denies the allegations in Paragraph 7(b) of the AC.

c. Paragraph 7(c) contains legal conclusions for which no responsive pleading is required.

8. Sovereign denies the allegations in paragraph 8.

a. Sovereign denies the allegations in Paragraph 8(a) of the AC.

b. Sovereign denies the allegations in Paragraph 8(b) of the AC.

c. Paragraph 8(c) contains legal conclusions for which no responsive pleading is required.

Plaintiff's Prayer for Relief does not contain any allegations to which a response is required. To the extent any response is required, Sovereign denies that Plaintiff is entitled to any relief of any kind, and hereby denies any allegations in the Prayer for Relief on that basis.

\* \* \* \* \* \*

{02019007.1 }

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff or waiving defenses not raised below, Sovereign asserts the following defenses to the allegations contained in Plaintiff's AC:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's AC fails to state a claim against Sovereign upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The transfer was intended to be a contemporaneous exchange between the creditor and the Debtor, and it was in fact a substantially contemporaneous exchange.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's AC is barred by the doctrine of equitable subrogation.

### FOURTH AFFIRMATIVE DEFENSE

4. The Debtor received reasonably equivalent value for the transfer subject to the AC.

### FIFTH AFFIRMATIVE DEFENSE

5. Sovereign received the transfer subject to the AC in good faith and for value.

\* \* \* \* \*

### DEFENSES RESERVED

Sovereign does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional defenses or counterclaims available. Sovereign reserves the right to amend this Answer up to and through the time of trial to assert any additional defenses set forth in or permitted by Federal Rule of Civil Procedure or counterclaims, when and if, during

{02019007.1 }

the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses of counterclaims.

        Respectfully submitted,

        BONE MCALLESTER NORTON PLLC

        /s/ Sean C. Kirk
        Sean C. Kirk (BPR No. 22878)
        511 Union Street, Suite 1600
        Nashville, Tennessee 37219
        (615) 238-6307 Phone
        (615) 238-6301 Facsimile
        Email: skirk@bonelaw.com

        and

        Albena Petrakov, Esq.
        OFFIT KURMAN, P.A.
        10 East 40th Street
        New York, New York 10016
        Telephone: (212) 545-1900
        Facsimile: (212) 545-1656
        Email: apetrakov@offitkurman.com

        *Counsel for Defendant, Sovereign Lending Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and exact copy of the foregoing Answer has been served via electronic notice to those parties receiving notice through ECF, this 24th day of February 2020.

        /s/ Sean C. Kirk
        Sean C. Kirk